13-1266-cr
*United States v. Mouallem*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fourteen.

PRESENT:
> AMALYA L. KEARSE,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 13-1266-cr

ROBERT MOUALLEM,

> *Defendant-Appellant.* <sup>*</sup>

---

| | |
|---|---|
| **FOR APPELLEE:** | PATRICK S. SINCLAIR (David C. James, *on the brief*), Assistant U.S. Attorneys, *for* Loretta E. Lynch, U.S. Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | PETER J. TOMAO, ESQ., Garden City, NY. |

---

\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Appeal from the April 5, 2013 judgment of conviction entered in the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Robert Mouallem appeals from a judgment of conviction, following a jury trial, on one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; one count of violating the Travel Act, 18 U.S.C. § 1952; and five counts of attempted securities fraud, in violation of 18 U.S.C. §§ 1348 and 2. Mouallem was sentenced to a term of imprisonment of one year and one day, a three-year term of supervised release, and a $700 special assessment. He was also ordered to forfeit $26,610.

On appeal, Mouallem challenges principally two of the District Court's evidentiary rulings and certain aspects of its jury instructions, as described below. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

A. <u>Testimony Regarding the Brokerage Account</u>

Mouallem first argues that certain testimony regarding Exhibit 3500-JW-8[1] — a document showing activity in a brokerage account that testimony established was held in his father's name — should have been precluded under both Fed. R. Crim. P. 16 (as a sanction for the government's alleged violation of its pre-trial evidentiary disclosure obligations), and Fed. R. Evid. 403 (because the testimony's probative value was substantially outweighed by unfair prejudicial effect). We are not persuaded.

To begin, to the extent there was any Rule 16 violation regarding Exhibit 3500-JW-8 or the testimony surrounding it (and we detect none), the District Court adequately remedied the problem by adjourning trial and granting Mouallem a continuance to gather whatever additional information he thought necessary to present his defense to implications created by the testimony and admission of the Exhibit. The District Court acted well within its broad discretion in addressing the alleged Rule 16 violation in this way.

---

[1] In his opening brief, Mouallem appeared to challenge the admissibility of Exhibit 3500-JW-8 itself, as well as the testimony about the exhibit. In his reply brief, however, Mouallem clarified his position: the exhibit, standing alone, was unobjectionable, but testimony about the exhibit should have been precluded. *See* Reply Br. 2-4.

Nor was there any abuse of discretion in the District Court's balancing of applicable factors under Rule 403 with regard to the admissibility of the testimony about Exhibit 3500-JW-8. "In reviewing Rule 403 challenges, we accord great deference to the district court's assessment of the relevancy and unfair prejudice of proffered evidence, mindful that it sees the witnesses, the parties, the jurors, and the attorneys, and is thus in a superior position to evaluate the likely impact of the evidence." *United States v. Gupta*, -- F.3d --, 2014 WL 1193411, at *18 (2d Cir. Mar. 25, 2014) (internal quotation marks omitted). A district court's decision to admit evidence following a Rule 403 analysis "is reversible error only when it is a clear abuse of discretion." *Id.* (internal quotation marks omitted). To find such abuse, "we must conclude that the challenged evidentiary rulings were arbitrary and irrational." *Id.* (internal quotation marks omitted). Upon due consideration here, we find nothing arbitrary or irrational about the District Court's evidentiary ruling.

B. <u>Admissibility of Recorded Conversation</u>

Mouallem next argues that Exhibit 56 — a recording of a meeting that Mouallem had with cooperating witnesses — was admitted without sufficient foundation and in violation of his Sixth Amendment right to confront witnesses testifying against him. We disagree.

At trial, the government laid a proper foundation for authenticating the recording and admitting it into evidence. Agent Kenney testified that he personally affixed a recording device to cooperating witness Anthony Orlando shortly before Orlando's meeting with Mouallem. Kenney further testified that, after he affixed the recorder, he went to the location of the meeting and saw Mouallem there. After watching Mouallem leave the location, Kenney removed the recorder from Orlando's person, and preserved the recording. Under our precedents, Agent Kenney's testimony — standing alone — is sufficient to authenticate the recording; there was no need for corroborating testimony from Orlando himself. *See, e.g.*, *United States v. Barone*, 913 F.2d 46, 49 (2d Cir. 1990) ("[T]he government is not required to call as a witness a participant in a recorded conversation in order to authenticate the recording; it may lay the foundation for the recording through the testimony of the technician who actually made it." (citing *United States v. Fuentes*, 563 F.2d 527, 532 (2d Cir. 1977)).

Mouallem also argues that Exhibit 56 was admitted in violation of his confrontation rights under the Sixth Amendment. Because Mouallem failed to raise this objection in the court below, this claim is reviewed for plain error. An error is "plain" — and an appellate court has discretion to correct it — only if "the error is clear or obvious, rather than subject to reasonable dispute"; the

3

error "affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings"; and the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alteration omitted).

In *United States v. Paulino*, 445 F.3d 211 (2d Cir. 2006), we observed that "[i]t has long been the rule that so long as statements are not presented for the truth of the matter asserted, but only to establish a context, the defendant's Sixth Amendment rights are not transgressed." *Id.* at 216 (internal quotation marks and alterations omitted); s*ee also United States v. Stewart*, 433 F.3d 273, 291 (2d Cir. 2006) ("*Crawford* [*v. Washington*, 541 U.S. 36 (2004),] expressly confirmed that the categorical exclusion of out-of-court statements that were not subject to contemporaneous cross-examination does not extend to evidence offered for purposes other than to establish the truth of the matter asserted."). Here, Mouallem has failed to identify any recorded statements of the cooperating witnesses in Exhibit 56 that were offered for the truth of the matter asserted, rather than as context for his own recorded statements. Under these circumstances, Mouallem cannot show that the District Court's error, if any, affected his substantial rights, and his claim of plain error must be rejected.

### C. Jury Instructions

Last, Mouallem argues that the District Court erroneously refused to give the jury a "missing witness" instruction with respect to cooperating witnesses Philip and Anthony Orlando, neither of whom testified at trial. Again, we find no error.

Generally speaking, "[w]hen a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction and fails to produce such witnesses, the jury may infer that the testimony, if produced, would be unfavorable to that party." *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988) (internal quotation marks omitted). The decision whether to give a missing witness charge, however, is "committed to the 'sound discretion' of the trial judge, and will not be disturbed absent an abuse of that discretion." *United States v. Nichols*, 912 F.2d 598, 601 (2d Cir. 1990).

There was no abuse of discretion here. At the start of trial, the government made clear that both cooperating witnesses were available to be called as witnesses, and the defense declined to do so. Mouallem has made no showing that these witnesses were "peculiarly" within the government's

4

control, *Torres*, 845 F.2d at 1169, or that he otherwise lacked a fair opportunity to examine them. Under these circumstances, the District Court was well within its discretion to conclude that a missing witness charge was inapt.[2]

## CONCLUSION

We have considered Mouallem's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Mouallem also contends that the District Court's instruction regarding uncalled witnesses — namely, that "[e]ach party has an equal opportunity to call individuals as witnesses and to produce any evidence" — improperly shifted the burden of proof onto the defense. That argument borders on the frivolous. In the sentence of the instruction that immediately follows the one Mouallem challenges, the District Court emphasized that "the government has the burden of proof beyond a reasonable doubt" and "a defendant has no burden." There was nothing erroneous or misleading about the instructions, which we evaluate in their totality.

5